# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ABRAHAM/RASHEEN GRANT/RAKIM                                           PLAINTIFF
ADC #128147

v.                              5:18cv00171-DPM-JJV

ESTELLA BLAND, Nurse                                                  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     INTRODUCTION

Abraham/Rasheen Grant/Rankim ("Plaintiff"), an inmate at the Varner Supermax Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2-1.) Plaintiff alleges that he suffers from Bertolotti's Syndrome, which causes severe back pain. (Doc. No. 2-1 at 3-4.) He sued Estella Bland, a nurse, claiming she violated his constitutional rights by treating his condition with ibuprofen rather than Keppra. (*Id*. at 3-4, 6.) Apparently, at some earlier time Dr. Stukey — not a party to this action — prescribed Keppra, but Defendant Bland did not renew the prescription because there was no indication for Keppra at the time she examined Plaintiff. (*Id*. at 8.) Plaintiff asks to be put back on Keppra and seeks damages. (*Id*. at 4.)

### II.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may

be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff sued Defendant Bland under 42 U.S.C. § 1983. (Doc. No. 2-1.) To state a claim under § 1983, a plaintiff must show two essential elements: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009) (internal citation omitted). "It is well established that the prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000). To establish medical indifference, a plaintiff must show that he suffered from "objectively serious medical needs" and "the prison officials actually knew of but deliberately disregarded those needs." *Fourte v. Faulkner Cnty.*, Ark., 746 F.3d 384, 387 (8th Cir. 2014) (internal citation omitted). Deliberate indifference, however,

requires more than "mere disagreement with treatment decisions . . . ."  *Id.* (internal citation omitted).  Rather, indifference will only be found when the "medical care [is] so inappropriate as to evidence intentional maltreatment."  *Id.* (internal citation omitted).

Here, Plaintiff does not complain that his medical needs have been ignored.  The grievance Plaintiff filed along with his Complaint shows he was seen for the condition he complained of and he received the treatment that Defendant Bland deemed appropriate.  In this lawsuit, Plaintiff alleges only that Defendant Bland's treatment of his back problems with ibuprofen rather than Keppra violates his constitutional rights.  Plaintiff disagrees with Defendant Bland's treatment of his Bertolotti's Syndrome, but "mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010).  Because the action of which Plaintiff complains does not rise to the level of a constitutional violation, Plaintiff's Complaint should be dismissed without prejudice.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Plaintiff's Motion for Preliminary Injunction (Doc. No. 14) be DENIED as moot.

3.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

4.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 14th day of November, 2018.

_____<br>
JOE J. VOLPE<br>
UNITED STATES MAGISTRATE JUDGE

5